IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-675

Filed 2 July 2024

Davie County, Nos. 19 CRS 51381, 51383; 20 CRS 279

STATE OF NORTH CAROLINA

v.

BRIAN CHRISTOPHER ANDREWS, Defendant.

Appeal by defendant from judgments entered 6 January 2023 by Judge Lori I. Hamilton in Davie County Superior Court. Heard in the Court of Appeals 21 March 2024.

*Attorney General Joshua H. Stein, by Assistant Attorney General Hyrum J. Hemingway, for the State.*

*Mary McCullers Reece for defendant-appellant.*

THOMPSON, Judge.

Defendant Brian Christopher Andrews (defendant) appeals from the trial court's order entered upon a jury's verdict finding him guilty of attempted discharge of a firearm into an occupied vehicle in operation, attempted robbery with a firearm, and first-degree kidnapping. On appeal, defendant contends that the trial court erred in denying his motion to dismiss the charge of first-degree kidnapping for insufficiency of the evidence. After careful review, we reverse defendant's first-degree kidnapping conviction.

## I. Factual Background and Procedural History

In September 2019, a silver 2008 Toyota Corolla belonging to Jessica Stewart's (Stewart) mother was stolen. On 13 September 2019, defendant met up with Stewart and two other individuals to locate the missing vehicle. Later that evening, nineteen-year-old Samuel Wyre (victim) was driving his vehicle, a 2004 Toyota Corolla (victim's vehicle), alone at approximately 3:30 a.m. when a van, driven by defendant, pulled in front of the victim, turned right into a parking lot, and then pulled *back* onto the road behind the victim's vehicle. The victim slowed down, and defendant exited the van, approached the victim's vehicle with a firearm in hand, and told the victim to "[g]et the f[***] out of the car." The victim did not comply with defendant's demand and began to drive away. At this point, defendant returned to the van and continued pursuit of the victim's vehicle at a high speed, between ninety and one-hundred miles per hour. During the pursuit, the victim heard gunshots coming from the van as defendant held a shotgun out the driver's window and fired in the direction of the victim's vehicle.

As the pursuit continued, the van pulled alongside the victim's vehicle, driving in the opposite direction of traffic,[1] when the victim observed the barrel of a gun pointed at him out of the van's window. The victim slammed on his brakes, executed a "K-point turn" and began driving in the opposite direction. Initially, the victim saw

---

[1] The victim testified that the road was a two-lane road, with "just one [lane] for each direction."

the van continue in pursuit, testifying that he "saw sparks coming out of the van brakes[,]" but eventually the lights from the van were no longer visible behind him. Shortly thereafter, the victim pulled over at a gas station where he engaged with law enforcement officers and informed them of what had just occurred.

On 8 June 2020, defendant was indicted upon a true bill of indictment for attempting to discharge a firearm into an occupied vehicle, attempted robbery with a firearm, and first-degree kidnapping using a firearm. The matter came on for trial on 3 January 2023 in Davie County Superior Court. On 6 January 2023, the jury returned guilty verdicts against defendant as to all three alleged offenses, and by judgments entered that same day, defendant was sentenced to an active sentence of forty-four to sixty-five months in the custody of the North Carolina Division of Adult Correction, a consecutive sentence of 111 months to 146 months for attempted robbery with a firearm, and a third consecutive sentence of 199 months to 251 months for first-degree kidnapping. Defendant entered timely oral notice of appeal at the end of his trial. From these judgments, defendant appeals.

## II. Discussion

On appeal, defendant argues that the trial court "erred by denying the motion to dismiss the first-degree kidnapping charge" because "the evidence was insufficient to support a finding of restraint or confinement beyond that inherent in the charges for attempted robbery with a firearm and attempted discharge of a firearm into an occupied vehicle." We agree.

## A. Standard of Review

A motion to dismiss on the ground of insufficiency of the evidence "presents a question of law and is reviewed de novo on appeal." *State v. Norton*, 213 N.C. App. 75, 78, 712 S.E.2d 387, 390 (2011) (italics omitted). "The question for this Court is whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *Id.* "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994) (citation omitted).

## B. First-Degree Kidnapping

Kidnapping is defined by our legislature, in pertinent part as:

> (a) [a]ny person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person . . . shall be guilty of kidnapping if such confinement, restraint, or removal is for the purpose of:
> . . . .
>> (2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or
>>
>> (3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person . . . .

N.C. Gen. Stat. § 14-39(a)(2)–(3) (2023). A kidnapping where "the person kidnapped was not released by the defendant in a safe place or had been seriously injured or sexually assaulted" constitutes a first-degree kidnapping. *Id.* § 14-39(b).

However, because some degree of restraint or confinement is inherent in felonies such as robbery with a firearm, kidnapping charges can implicate double jeopardy concerns where the restraint is the basis for both the underlying felony and the kidnapping. *See State v. Fulcher*, 294 N.C. 503, 523, 243 S.E.2d 338, 351 (1978) ("[M]ak[ing] a restraint, which is an inherent, inevitable feature of such other felony, also kidnapping so as to permit the conviction and punishment of the defendant for both crimes . . . would violate the constitutional prohibition against double jeopardy."). Therefore, in order to avoid running afoul of double jeopardy violations in seeking convictions for kidnapping, "the restraint, which constitutes the kidnapping, [requires] a separate, complete act, independent of and apart from the other felony." *Id.* at 524, 243 S.E.2d at 352.

Our precedent is illustrative in applying this principle. In *State v. Irwin*, the Supreme Court of North Carolina reversed the kidnapping conviction of a defendant who forced the victim, at knifepoint, to the rear of a convenience store, so that the victim could open a safe containing prescription drugs. 304 N.C. 93, 103, 282 S.E.2d 439, 446 (1981). In reversing the kidnapping conviction, the Court reasoned that the victim's "removal to the back of the store was an inherent and integral part of the attempted robbery" because "to accomplish the defendant's objective of obtaining

drugs it was necessary that . . . [the victim] go to the back of the store . . . and open the safe." *Id.*

On the other hand, in *State v. China*, our Supreme Court affirmed the defendant's conviction for kidnapping. 370 N.C. 627, 628, 811 S.E.2d 145, 146 (2018). There, the defendant and his accomplice broke into the home of the defendant's ex-girlfriend and began striking his ex-girlfriend's new partner (victim) in the face. *Id.* at 629, 811 S.E.2d at 146. Once the victim was incapacitated, the defendant sexually assaulted him. *Id. After the sexual assault*, the defendant dragged the victim off the bed, causing the victim's head to hit the floor, the defendant and his accomplice then began kicking and stomping the victim. *Id.* at 629, 811 S.E.2d at 146–47. In upholding the defendant's conviction for kidnapping, our Supreme Court reasoned that the defendant had exercised all necessary force to commit the sexual assault when he struck the victim until he was incapacitated. *Id.* at 635–36, 811 S.E.2d at 150–51. The Court concluded that it was the defendant's actions *after* the sexual assault had ended—dragging the victim off the bed causing his head to hit the floor and kicking and stomping him—that constituted the "additional restraint" necessary to support the conviction for kidnapping. *Id.* at 636, 811 S.E.2d at 151.

Finally, *State v. Allred* provides a stark illustration of these principles in practice. There, the defendant was convicted of three separate counts of kidnapping three separate individuals. 131 N.C. App. 11, 13, 505 S.E.2d 153, 154 (1998). In that case, the defendant and his accomplice entered the living room of a home, where two

of the three victims were gathered. *Id.* The defendant robbed the two victims in the living room at gunpoint; while doing so, the defendant's accomplice kicked in a separate door and discovered the third victim, who was sleeping. *Id.* at 13, 505 S.E.2d at 155. The third victim was then, "grabbed . . . by the collar . . . dragged . . . into the living room, and pushed . . . down on the couch." *Id.*

This Court vacated the defendant's kidnapping convictions as to the first two victims who were initially in the living room, reasoning that, "the restraint used against these victims was an inherent part of the armed robbery and did not expose them to any greater danger than that required to complete the robbery." *Id.* at 20, 505 S.E.2d at 159. However, this Court affirmed the defendant's kidnapping conviction as to the third victim who was forced from the bedroom and into the living room; reasoning that, "this removal was not an integral part of [the] robbery committed . . . but a separate course of conduct designed to prevent [the victim] from hindering [the] defendant . . . from perpetrating the robberies against the other occupants." *Id.* at 21, 505 S.E.2d at 159.

Here, upon our careful review of the caselaw on this subject, we conclude that the factual scenario presented in the present case is more analogous to *Irwin* than to *China*; the high-speed pursuit of the victim was not "a separate, complete act, independent of and apart from the" felony of attempted armed robbery, but "an inherent, inevitable feature of" the attempted armed robbery, and if we were to affirm

defendant's conviction for kidnapping we "would violate the constitutional prohibition against double jeopardy." *Fulcher*, 294 N.C. at 523–24, 243 S.E.2d at 351–52.

As defendant notes in his appellate brief, "[t]he van's pursuit and stopping of [the victim]'s car was inherent and necessary to the attempted armed robbery"; for defendant to be successful in the armed robbery, he would have needed to "tak[e] the [vehicle] away from [the victim], . . . at the very least, to stop the car, remove [the victim] from the driver's seat, and then take possession of the car and its keys by threat of the firearm."

Indeed, defendant's pursuit of the victim by vehicle with a firearm was "an inherent, inevitable feature of another felony[,]" armed robbery, whereby defendant had to remove the victim from the victim's vehicle at gunpoint and take the vehicle to accomplish the robbery; the ensuing pursuit to accomplish the armed robbery does not constitute "a separate, complete act, independent of and apart from the other felony." *Id.* In the instant case—like the defendant who led the victim at gunpoint to open the safe in *Irwin*, and the defendant who restrained the two victims initially in the living room in *Allred*——defendant's pursuit of the victim's vehicle was part of the "necessary restraint" to accomplish defendant's objective of taking the victim's vehicle from the victim at gunpoint.

For this reason, we conclude that the trial court erred in denying the motion to dismiss the charge of first-degree kidnapping, because, viewing the evidence in the light most favorable to the State, there was insufficient evidence of a separate,

complete restraint or confinement, independent of and apart from the attempted armed robbery, as is necessary to support a conviction for first-degree kidnapping without violating the constitutional prohibition against double jeopardy.

### III. Conclusion

We conclude that the trial court erred in denying defendant's motion to dismiss the charge of first-degree kidnapping because the State did not meet its burden of establishing each essential element of the offense charged. For this reason, we reverse defendant's conviction for first-degree kidnapping.

REVERSED IN PART.

Judges COLLINS and HAMPSON concur.